UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE ERVIN STITH, | No. 2:15-cv-0504 JAM AC (TEMP) P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| JEFFREY McCOMBER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss, filed March 9, 2016, for failure to comply with the statute of limitations. (ECF No. 23.) Petitioner has not filed an opposition, and the time period for filing one has now passed. See E.D. Local Rule 230(*l*).

After carefully reviewing the record, the undersigned recommends that respondent's motion be granted and the petition be dismissed.

**I.    Background**

On June 3, 2003, petitioner was sentenced in the Solano County Superior Court in Fairfield, California to a 167-year term of imprisonment for attempted murder, kidnapping, and robbery. Resp't's Mot. Dismiss ("MTD") Ex. 1. On direct appeal, petitioner claimed, inter alia, that there was insufficient evidence to support the trial court's finding that a prior conviction

constitutes a strike; the matter was remanded for a retrial on this claim and for resentencing. Id. The judgment was affirmed in all other respects. Id. On August 6, 2004, petitioner was re-sentenced to 89 years' imprisonment. Id. Ex. 3 at 24; Pet. at 3.

Meanwhile, petitioner pursued his direct appeal to the California Supreme Court on those claims that the California Court of Appeal denied, including the claim raised herein. MTD Ex. 2; Pet. at 5. On February 24, 2004, the California Supreme Court denied the appeal. See id. Petitioner's state judgment became final on May 24, 2004, when the time to file a petition for writ of certiorari from the United States Supreme Court expired.

Thereafter, petitioner filed multiple state habeas petitions:

- On January 10, 2005, petitioner filed a habeas petition in the California Supreme Court, which denied the petition on December 14, 2005. MTD Ex. 4.
- On August 5, 2005, petitioner filed a habeas petition in the Solano County Superior Court, which denied the petition on October 7, 2005. MTD Ex. 5.
- On February 27, 2007, petitioner filed a habeas petition in the California Supreme Court, which denied the petition on August 8, 2007. MTD Ex. 8.
- On April 8, 2009, petitioner filed a habeas petition in the Solano County Superior Court, which denied the petition on June 2, 2009. MTD Ex. 9.
- On December 29, 2009, petitioner filed a habeas petition in the California Court of Appeal, which denied the petition on January 7, 2010. MTD Ex. 10.
- Finally, on February 4, 2014, petitioner filed a habeas petition in the Solano County Superior Court, which denied the petition on April 3, 2014. MTD Ex. 11.

Petitioner also filed a federal habeas petition in this court on February 21, 2006, Case No. 2:06-cv-0361-FCD-KJM (HC). MTD Ex. 6. That petition was dismissed on January 11, 2007, for failure to exhaust administrative remedies. See id.

This action was initiated on March 2, 2015.

**II.    Legal Standard**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

2

entitled to relief in the district court...." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, and respondent has not yet filed a formal answer, the Court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

### III.  Discussion

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on March 2, 2015 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

> seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, petitioner's direct appeal was denied by the California Supreme Court on February 24, 2004, and he did not file a petition for writ of certiorari from the United States Supreme Court. Accordingly, the limitations period began to run on May 25, 2004, and expired one year later on May 25, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). This date precedes the filing of this action by nearly ten years.

Under § 2254(d)(1)(C), assuming petitioner were to argue that the statute of limitations began to run later under Blakely v. Washington, 542 U.S. 296 (2004), which was decided on June 24, 2004, respondent is correct that the petition remains untimely because it should have been filed on or before June 24, 2005.

Moreover, tolling during petitioner's pursuit of collateral review does not alter the undersigned's conclusion that this action is untimely. 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year

4

1 limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the
2 statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and
3 the period is tolled during the intervals between one state court's disposition of a habeas petition
4 and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216
5 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state
6 petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court
7 explicitly states that the post-conviction petition was timely or was filed within a reasonable time
8 under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189
9 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in
10 state court will not satisfy the requirements for statutory tolling. Id.

11 The court is not in possession of each of petitioner's state habeas petitions. However, it is
12 clear that the gaps between denial of each of petitioner's applications for state court relief and his
13 submission of the next range from almost seven months[1] to nearly four years.[2] Gaps of this
14 length are not entitled to interval tolling. See Evans v. Chavis, 546 U.S. 189, (2006) (gap of at
15 least six months could not be reasonable and thus timely under California law, as required to toll
16 federal statute of limitations); see also Banjo v. Ayers, 614 F.3d 964, 971 (9th Cir. 2010) (no
17 tolling for interval of 146 days between first and second petitions); Chaffer v. Prosper, 592 F.3d
18 1046, 1048 (9th Cir. 2010) (no tolling for intervals of 101 and 115 days); Velasquez v. Kirkland,
19 639 F.3d 964, 968 (9th Cir. 2011) (no tolling for intervals of 81 days and 92 days between
20 filings).

21 Moreover, even if each state petition was considered and denied on its merits without
22 regard for untimeliness, it is clear that any resulting tolling would be insufficient to save the
23 present petition from untimeliness. Three of the intervals between petitioner's state petitions
24 exceeded a year.[3] Even assuming that the statute of limitations had been tolled and did not start
25 to run until the beginning of any of those intervals, the federal limitations period would have

---

[1] June 2, 2009 to December 29, 2009.
[2] January 7, 2010 to February 4, 2014.
[3] October 7, 2005 to February 27, 2007; August 8, 2007 to April 8, 2009; and January 7, 2010 to February 4, 2009.

5

expired prior to petitioner's next state court submission. Having expired, the limitations period could not have been revived by submission of another state application for relief. See Green v. White, 223 F.3d 1001, 1002 (9th Cir. 2000). Given the procedural history presented here, statutory tolling cannot possibly render the federal petition timely.

### IV.     Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 23) be granted; and
2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing § 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: May 16, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE